SARAH HAGAR *vs.* HARRISON SPRINGER.

*What is a mutual account, within the statute of limitations.*

The last item of the plaintiff's account annexed was of a date more than six years before the suing out of her writ. At the trial she introduced the record of a suit brought by Mr. Springer against her upon an account annexed, several of the items of which were within six years of the date of the last item in the account annexed to her writ, and were within six years of the date of her writ: *held,* that the statute of limitations in force when this suit was brought (Oct. 13, 1867) was no bar to the maintenance of the action.

It is sufficient for the plaintiff, in order to remove the statute bar, to show mutual dealings between the parties, and that the last item upon either side of the account was within six years of the commencement of the action.

O . FACTS AGREED.

ASSUMPSIT upon an account annexed, brought October 31, 1867. The statute of limitations was pleaded in defence, as appears by the opinion in which the facts are stated.

A witness, called by the plaintiff, testified that Mr. Springer examined the books and pronounced the account upon them correct; but added that the last four items of the account annexed to the writ were not then upon the books.

This case has been brought into the law court before. See 60 Maine, 436.

*J. W. Spaulding,* for the plaintiff.

*J. D. Brown,* for the defendant.

VIRGIN, J. The question is whether the plaintiff's account is barred by the statute of limitations. This involves the construction of R. S., of 1857, c. 81, § 99, as amended by Public Laws of 1867, c. 117, that being the statute in force when this action was commenced.

R. S., c. 81, § 99, as amended, provided: "In actions of debt or assumpsit to recover the balance due upon a mutual and open account current, the cause of action shall be deemed to accrue at the time of the last item proved in such account. And it shall be deemed a mutual and open account current when there have been mutual dealings between the parties, the items of which are unsettled, whether kept or proved by one party or both."

It is not essential that the plaintiff state both sides of the account, strike the balance and declare for that specific sum in order to render his action one "to recover the balance due." The mutual dealings between the parties constitute together the items of but one "account." Either party or both may sue their individual side of the account. In his action each may state his own or both sides of the account. If one party sue his side only, the defendant may or not, at his option, file his side in set-off; and if he does not, he does not necessarily waive his right to recover it in

another action.   If none of the plaintiff's  debit items be within six years next preceding the  date of  his writ, and the defendant do  not file any account in set-off, or  prove anything  as payment, it will be incumbent upon the plaintiff  in order to  avoid the bar, to prove some item of  credit, i. e., some  item of  the defendant's side of  the account within six years.   When he has done that, he will have taken out of  the statute such  items in his own  side  as are within six years of  the credit item proved; for "the last item' proved in such account" includes the  last item on  either side. *Baker* v. *Mitchell*, 59 Maine, 223 ; *Penniman* v. *Rotch*, 3 Metc., 216.

The witness called by the plaintiff  testified substantially, that he superintended the  ship yard of  the plaintiff's  intestate in 1857, and until the death of  the intestate in 1862 ; that he, by a clerk, kept the account of  everything which  came into and went out of the yard, including the items in the account annexed, except the last four, and had a personal knowledge at the time of their de- livery ; that the book produced was the intestate's book of accounts of the ship-yard ; that it had been constantly in his possession ex- cept a few days in 1867, when he  left it with the  intestate's son ; that in 1867 witness saw the defendant examine the account in the intestate's son's office and  heard him  say and finally "agree that it was all  right," and that he  would "come in  and settle it  up ;" and that the  account annexed except the four  items named  is copied from the book.

The book itself has not been before this court—neither party has objected—but simply a copy of the debit items.  Whether there are or not any credit items in the book, the  case  fails to show. We therefore presume that all the  material parts of the book are before us.   Upon this undisputed evidence we think all the items in the account annexed excepting the last four are sustained so far as the general issue is concerned.

The account annexed contains no item of credit.   Moreover the last item of  it proved is dated  May 28, 1859—nearly eight years and a half prior to the date of the writ, October 31, 1867.   Hence

if the evidence stopped here, the action would be barred. But the plaintiff has put into the case a copy of the writ and account annexed therein, in the action of this defendant against this plaintiff, and of the judgment on the whole amount of that account. Upon looking at that account we find the account commenced as early as 1855, and several items in 1857, 1864 and in 1865. This we think is legitimate evidence of such items; and they being within six years of the date of the plaintiff's writ, and also within six years of the items in her account annexed, the action is not barred.

> *Judgment for plaintiff*
> *for $47.70, and int.*
> *from Oct.* 31, 1867.

APPLETON, C. J., DICKERSON, BARROWS and DANFORTH, JJ., concurred.